IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:21-cv-405

| | |
|---|---|
| REPUBLIC FRANKLIN INSURANCE COMPANY,<br>      Plaintiff,<br><br>  vs.<br><br>MICHAEL TODD MONTGOMERY, and JULIA ROSS,<br>      Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Republic Franklin Insurance Company ("Republic"), by and through its undersigned counsel, hereby files this Complaint for Declaratory Judgment against Michael Todd Montgomery ("Michael Montgomery") and Julia Ross, pursuant to Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201. In support, Republic alleges as follows:

## NATURE OF ACTION

1. Republic brings this action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 for a declaration regarding the parties' rights and obligations in connection with a series of insurance policies issued by Republic to Michael Montgomery or under which Michael Montgomery may be an insured by definition. Defendant Michael Montgomery has tendered to Republic the defense of a lawsuit filed by Defendant Julia Ross against him. Republic is defending Michael Montgomery under a full reservation of rights but denies that it has a duty to defend Michael Montgomery in connection with the underlying action because the underlying action does not state allegations covered under any policy provision and because the underlying action arises entirely out of circumstances squarely described in policy exclusions. Republic seeks a

declaratory judgment that Republic has no duty to defend or indemnify Defendant Michael Montgomery for the underlying action.

## THE PARTIES

2. Plaintiff Republic is an insurance company organized under the laws of the State of Ohio with its principal place of business in New York. Republic is a citizen of the State of Ohio and State of New York within the meaning and intent of 28 U.S.C. § 1332.

3. Defendant Michael Montgomery is a resident and citizen of Wake County, North Carolina. Defendant Michael Montgomery is a citizen of the State of North Carolina within the meaning and intent of 28 U.S.C. § 1332.

4. Upon information and belief, Defendant Julia Ross ("Ross") is a resident and citizen of Wake County, North Carolina. Defendant Ross is a citizen of the State of North Carolina within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, as this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Jurisdiction is further appropriate because this action for declaratory judgment pursuant to 28 U.S.C. § 2201, and an actual cost or controversy of a justiciable nature exists between the parties involving the rights and liabilities under and insurance policy.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because a substantial part of the events, acts, and/or omissions giving rise to this controversy occurred in this judicial district.

# FACTUAL BACKGROUND

## A. THE UNDERLYING ACTION AND FACTS

8. Republic is, and during all relevant times has been, in the business of underwriting and issuing policies of insurance and is authorized to transact the business of insurance in the State of North Carolina.

9. On or about March 18, 2021, Defendant Michael Montgomery was named as the defendant to a complaint filed in North Carolina State Superior Court, Wake County, styled *Julia Ross v. Michael Montgomery*, 21 CVS 3845.

10. A copy of the Complaint in *Julia Ross* ("Underlying Action") is attached hereto as **Exhibit A**.

11. The Underlying Action alleges that on August 26, 2020, Ross was riding as a passenger in an all terrain vehicle operated by Defendant Michael Montgomery, when the all terrain vehicle flipped over, causing her bodily injury. (**Exhibit A**, Complaint, ¶¶ 3-4).

12. The Complaint in the Underlying Action seeks damages for negligence and punitive damages.

13. The all terrain vehicle identified in the Complaint in the Underlying Action is a Ranger 900 series UTV ("UTV") that, at the time of the accident alleged in the Underlying Action and prior thereto, was owned solely by Defendant Michael Montgomery.

14. The UTV was not designed as a toy vehicle for use by children under the age of seven years of age.

15. The UTV was/is powered by a gasoline engine, as opposed to by one or more batteries.

16. The UTV was designed to travel at a maximum speed in excess of 5 miles per hour. Prior to the accident alleged in the Complaint in the Underlying Action, Defendant Michael Montgomery had driven the UTV at speeds in excess of 40 mph.

17. Prior to the accident alleged in the Complaint in the Underlying Action, the UTV was kept on a trailer at 205 Sycamore Creek Drive, Holly Springs, North Carolina.

18. The location of the accident alleged in the Complaint in the Underlying Action was not on property owned by or rented to Defendant Michael Montgomery.

19. The location of the accident alleged in the Complaint in the Underlying Action was not on property owned by or rented to Erin Montgomery, Craig Montgomery, and/or Dorothy Ann Barr.

**B.** **THE SUBJECT POLICIES**

**I.** **MICHAEL MONTGOMERY'S HOMEOWNERS POLICY**

20. Republic issued Homeowners Insurance Policy CPP 3606171 to named insureds "Erin Montgomery [and] Michael Montgomery", with effective dates of March 6, 2020, through March 6, 2021. ("Michael's HO Policy"). A copy of Michael's HO Policy is attached hereto as **Exhibit B**.

21. The "insured location" for Michael's HO Policy is 205 Sycamore Creek Drive, Holly Springs, North Carolina.

22. Michael's HO Policy includes the following as an additional residence: 876 Pinehaven Drive, New London, North Carolina.

23. While Republic incorporates, by reference, Michael's HO Policy in its entirety, for the purpose of this action, Michael's HO Policy contains the following in pertinent part:

## HOMEOWNERS 5 – COMPREHENSIVE FORM

**AGREEMENT**

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

**DEFINITIONS**

\* \* \*

**B.** In addition, certain words and phrases are defined as follows:

   **1.** "Aircraft Liability", "Hovercraft Liability", "Motor Vehicle Liability" and "Watercraft Liability", subject to the provisions in **b.** below, mean the following:

   **a.** Liability for "bodily injury" or "property damage" arising out of:

   (1) Ownership of such vehicle or craft by an "insured";
   (2) Maintenance, occupancy, operation, use, loading or unloading of such vehicle or craft by any person;
   (3) Entrustment of such vehicle or craft by an "insured" to any person;
   (4) Failure to supervise or negligent supervision of any person involving such vehicle or craft by an "insured"; or
   (5) Vicarious liability, whether or not imposed by law, for the actions of a child or minor involving such vehicle.

   **b.** For the purpose of this definition:

   \* \* \*

   (4) Motor vehicle means a "motor vehicle" as defined in **7.** below.

   **2.** "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

\* \* \*

5

**5**. "Insured" means:

    **a.** You and residents of your household who are:

        **(1)** Your relatives; or
        **(2)** Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative;

    **b.** A student enrolled in school full-time, as defined by the school, who was a resident of your household before moving out to attend school, provided the student is under the age of:

        **(1)** 24 and your relative; or
        **(2)** 21 and in your care or the care of a resident of your household who is your relative; or

Exhibit B, Form HO 00 05 05 11, page 1 of 23

\* \* \*

    **c.** Under Section **II**:

\* \* \*

        **(2)** With respect to a "motor vehicle" to which this policy applies:

            **(a)** Persons while engaged in your employ or that of any person described in **5.a**. or **b.**; or
            **(b)** Other persons using the vehicle on an "insured location" with your consent.

Under both Sections **I** and **II**, when the word an immediately precedes the word "insured", the words an "insured" together mean one or more "insureds".

**6**. "Insured location" means:

    **a**. The "residence premises";

    **b.** The part of other premises, other structures and grounds

6

Case 5:21-cv-00405-FL   Document 2   Filed 10/04/21   Page 6 of 20

used by you as a residence; and

- **(1)** Which is shown in the Declarations; or
- **(2)** Which is acquired by you during the policy period for your use as a residence;

**c.** Any premises used by you in connection with a premises described in **a.** and **b**. above;

**d.** Any part of a premises:

- **(1)** Not owned by an "insured"; and
- **(2)** Where an "insured" is temporarily residing;

**e.** Vacant land, other than farm land, owned by or rented to an "insured";

**f.** Land owned by or rented to an "insured" on which a one-, two-, three- or four-family dwelling is being built as a residence for an "insured:;

**g.** Individual or family cemetery plots or burial vaults of an "insured"; or

**h.** Any part of a premises occasionally rented to an "insured" for other than "business" use.

**7.** "Motor vehicle" means:

**a.** A self-propelled land or amphibious vehicle;

**b.** Any trailer or semitrailer which is being carried on, towed by or hitched for towing by a vehicle described in **a.** above.

**8.** "Occurrence" means:

An accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in

**a.** "Bodily injury"; or

**b.** "Property damage".

7

* * *

    **11**.    "Residence premises" means:

        **a**.    The one-family dwelling where you reside;

        **b**.    The two-, three- or four-family dwelling where you reside in at least one of the family units; or

        **c**.    That part of any other building where you reside;

    and which is shown as the "residence premises" in the Declarations.

    "Residence premises" also includes other structures and grounds at that location.

Exhibit B, Form HO 00 05 05 11, page 2 of 23

* * *

## SECTION II - LIABILITY COVERAGES

**A.**    **Coverage E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

    **1.**    Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

    **2.**    Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

Exhibit B, Form HO 00 05 05 11, page 16 of 23

**B.**    **Coverage F – Medical Payments to Others**

We will pay the necessary medical expenses that are incurred or medically

ascertained within three years from the date of an accident causing "bodily injury".

* * *

## SECTION II – EXCLUSIONS

**A. "Motor Vehicle Liability"**

    **1.** Coverages **E** and **F** do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":

        **a.** Is registered for use on public roads or property:

        **b.** Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the "occurrence"; or

        **c.** Is being:

            **(1)** Operated in, or practicing for, any prearranged or organized race, speed contest or other competition;
            **(2)** Rented to others;
            **(3)** Used to carry persons or cargo for a charge; or
            **(4)** Used for any "business" purposes except for a motorized golf cart while on a golfing facility.

    **2.** If Exclusion **A.1.** does not apply, there is still no coverage for "motor vehicle liability: unless the "motor vehicle" is:

        **a.** In dead storage on an "insured location";

        **b.** Used to service an "insured's" residence;

        **c.** Designed to assist the handicapped and, at the time of an "occurrence", it is:

            **(1)** Being used to assist a handicapped person; or
            **(2)** Parked on an "insured location";

        **d.** Designed for recreational use off public roads and:

            **(1)** Not owned by an "insured"; or

        **(2)**    Owned by an "insured" provided the "occurrence" takes place:

            **(a)**    On an "insured location" as defined in Definition **B.6.a., b., d., e. or h.**; or
            **(b)**    Off an "insured location" and the "motor vehicle" is:

                **(I)**    Designed as a toy vehicle for use by children under the age of seven years of age;
                **(ii)**    Powered by one or more batteries; and
                **(iii)**    Not built or modified after manufacture to exceed a speed of five miles per hour on level ground.

Exhibit B, Form HO 00 05 05 11, page 17 of 23, as amended by **SPECIAL PROVISIONS – NORTH CAROLINA**, Form HO 32 32 06 12, page 6 of 7.

                                      \* \* \*.

**E.**    **Coverage E – Personal Liability And Coverage F – Medical Payments To Others**

Coverages **E** and **F** do not apply to the following:

**1.**    **Expected Or Intended Injury**

"Bodily injury" or "property damage" which is intended by or which may reasonably be expected to result from the intentional acts or omissions or criminal acts of one or more "insured" persons. This exclusion applies even if:

    **a.**    The "insured" person lacks the mental capacity to govern their own conduct;
    **b.**    The "bodily injury" or "property damage" is of a different kind, quality or degree than intended or reasonably expected; or
    **c.**    The "bodily injury" or "property damage" is sustained by a different person or entity than intended or reasonably expected.

This exclusion applies regardless of whether or not an "insured" person is actually charged with , or convicted of, a crime.

Exhibit B, Form HO 00 05 05 11, pages 18 of 23, as amended by **SPECIAL PROVISIONS – NORTH CAROLINA**, Form HO 32 32 06 12, page 6 of 7.

## II. MICHAEL MONTGOMERY'S MOTHER'S HOMEOWNERS POLICY

24. Dorothy Ann Barr is, upon information and belief, Defendant Michael Montgomery's Mother. Craig Montgomery is, upon information and belief, Defendant Michael Montgomery's brother.

25. Republic issued Homeowners Insurance Policy 5382835 to named insureds "Craig Montgomery [and] Dorothy Ann Barr", with effective dates of August 14, 2020, through August 14, 2021. ("Mother's HO Policy"). A copy of Defendant Michael Montgomery's Mother's HO Policy is attached hereto as **Exhibit C**.

26. The "insured location" for Defendant Michael Montgomery's Mother's HO Policy is 7700 Colmar Drive, Holly Springs, North Carolina.

27. While Republic incorporates, by reference, Defendant Michael Montgomery's Mother's HO Policy in its entirety, for the purpose of this action, Defendant Michael Montgomery's Mother's HO Policy contains the following in pertinent part:

**HOMEOWNERS ENHANCEMENT COVERAGE**

**AGREEMENT**

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

**DEFINITIONS**
\* \* \*
B. In addition, certain words and phrases are defined as follows:

1. "Aircraft Liability", "Hovercraft Liability", "Motor Vehicle Liability"

and "Watercraft Liability", subject to the provisions in **b.** below, mean the following:

    **a.**    Liability for "bodily injury" or "property damage" arising out of:

        (1)    Ownership of such vehicle or craft by an "insured";
        (2)    Maintenance, occupancy, operation, use, loading or unloading of such vehicle or craft by any person;
        (3)    Entrustment of such vehicle or craft by an "insured" to any person;
        (4)    Failure to supervise or negligent supervision of any person involving such vehicle or craft by an "insured"; or
        (5)    Vicarious liability, whether or not imposed by law, for the actions of a child or minor involving such vehicle.

    **b.**    For the purpose of this definition:

        \* \* \*

        (4)    Motor vehicle means a "motor vehicle" as defined in **7.** (sic) below.

**2.**    "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

Exhibit C, Form HE 00 07 01 19, page 1 of 28.

    \* \* \*

**8**.    "Insured" means:

    **a.**    You and residents of your household who are:

        **(1)**    Your relatives; or
        **(2)**    Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative;

    **b.**    A student enrolled in school full-time, as defined by the school, who was a resident of your household before moving out to attend school, provided the student is under the age of:

        **(1)**    24 and your relative; or

**(2)** 21 and in your care or the care of a resident of your household who is your relative; or

**c.** Under Section **II**:

**(1)** With respect to animals or watercraft to which this policy applies, any person or organization legally responsible for these animals or watercraft which are owned by you or any person described in **8.a.** or **b**. "Insured does not mean a person or organization using or having custody of these animals or watercraft in the course of any "business" or without consent of the owner; or

**(2)** With respect to a "motor vehicle" to which this policy applies:

**(a)** Persons while engaged in your employ or that of any person described in **8.a**. or **b.**; or
**(b)** Other persons using the vehicle on an "insured location" with your consent.

Under both Sections **I** and **II**, when the word an immediately precedes the word "insured", the words an "insured" together mean one or more "insureds".

**9**. "Insured location" means:

**a**. The "residence premises";

**b.** The part of other premises, other structures and grounds used by you as a residence; and

**(1)** Which is shown in the Declarations; or
**(2)** Which is acquired by you during the policy period for your use as a residence;

**c.** Any premises used by you in connection with a premises described in **a.** and **b**. above;

**d.** Any part of a premises:

**(1)** Not owned by an "insured"; and
**(2)** Where an "insured" is temporarily residing;

- **e.** Vacant land, other than farm land, owned by or rented to an "insured";

- **f.** Land owned by or rented to an "insured" on which a one-, two-, three- or four-family dwelling is being built as a residence for an "insured:;

- **g.** Individual or family cemetery plots or burial vaults of an "insured"; or

- **h.** Any part of a premises occasionally rented to an "insured" for other than "business" use.

10. "Motor vehicle" means:

    - **a.** A self-propelled land or amphibious vehicle;

    - **b.** Any trailer or semitrailer which is being carried on, towed by or hitched for towing by a vehicle described in **a.** above.

11. "Occurrence" means:

    An accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in

    - **a.** "Bodily injury"; or

    - **b.** "Property damage".

Exhibit C, Form HE 00 07 01 19, page 2 of 28.

\* \* \*

14. "Residence premises" means:

    - **a**. The one-family dwelling where you reside;

    - **b.** The two-, three- or four-family dwelling where you reside in at least one of the family units; or

    - **c.** That part of any other building where you reside;

    and which is shown as the "residence premises" in the Declarations.

"Residence premises" also includes other structures and grounds at that location.

Exhibit C, Form HE 00 07 01 19, page 3 of 28.

* * *

**SECTION II - LIABILITY COVERAGES**

**A.    Coverage E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of:

**1.**    "Bodily injury" or "property damage" caused by an "occurrence"; or

**2.**    "Personal injury" resulting from an offense defined under "personal injury" to which this insurance applies, we will

   **a.**    Pay up to our liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

   **b.**    Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" or offense has been exhausted by payment of a judgment or settlement.

**B.    Coverage F – Medical Payments to Others**

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury".

* * *

**SECTION II – EXCLUSIONS**

**A. "Motor Vehicle Liability"**

**1.**    Coverages **E** and **F** do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":

    **a.**    Is registered for use on public roads or property:

    **b.**    Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the "occurrence"; or

    **c.**    Is being:

        **(1)**    Operated in, or practicing for, any prearranged or organized race, speed contest or other competition;
        **(2)**    Rented to others;
        **(3)**    Used to carry persons or cargo for a charge; or

        **(4)**    Used for any "business" purposes except for a motorized golf cart while on a golfing facility.

**2.**    If Exclusion **A.1.** does not apply, there is still no coverage for "motor vehicle liability: unless the "motor vehicle" is:

    **a.**    In dead storage on an "insured location";

    **b.**    Used to service an "insured's" residence;

    **c.**    Designed to assist the handicapped and, at the time of an "occurrence", it is:

        **(1)**    Being used to assist a handicapped person; or
        **(2)**    Parked on an "insured location";

    **d.**    Designed for recreational use off public roads and:

        **(1)**    Not owned by an "insured"; or
        **(2)**    Owned by an "insured" provided the "occurrence" takes place:

            **(a)**    On an "insured location" as defined in Definition **B.9.a., b., d., e. or h.**; or
            **(b)**    Off an "insured location" and the "motor vehicle" is:

                **(I)**    Designed as a toy vehicle for use by children under the age of seven years of age;

| | **(ii)** | Powered by one or more batteries; and |
|---|---|---|
| | **(iii)** | Not built or modified after manufacture to exceed a speed of five miles per hour on level ground. |

Exhibit C, Form HE 00 07 01 19, pages 19-20 of 28, as amended by **SPECIAL PROVISIONS – NORTH CAROLINA**, Form HO 32 32 06 12, page 6 of 7

\* \* \*.

**E.** **Coverage E – Personal Liability And Coverage F – Medical Payments To Others**

Coverages **E** and **F** do not apply to the following:

**1.** **Expected Or Intended Injury**

"Bodily injury" or "property damage" which is intended by or which may reasonably be expected to result from the intentional acts or omissions or criminal acts of one or more "insured" persons. This exclusion applies even if:

**a.** The "insured" person lacks the mental capacity to govern their own conduct;
**b.** The "bodily injury" or "property damage" is of a different kind, quality or degree than intended or reasonably expected; or
**c.** The "bodily injury" or "property damage" is sustained by a different person or entity than intended or reasonably expected.

This exclusion applies regardless of whether or not an "insured" person is actually charged with , or convicted of, a crime.

Exhibit C, Form HE 00 07 01 19, pages 21 of 28, as amended by **SPECIAL PROVISIONS – NORTH CAROLINA**, Form HO 32 32 06 12, page 6 of 7.

**ACTUAL CONTROVERSY AND RIPENESS**

28. This is an actual, ripe, and live controversy between the parties regarding Republic's rights and obligations to provide defense and/or indemnity in connection with the Underlying Action.

29. Republic is providing a defense under a full reservation of rights.

30. Republic denies that it has any duty to Defendant Michael Montgomery in connection with the Underlying Action.

## COUNT ONE - DECLARATORY JUDGMENT (DUTY TO DEFEND) (REPUBLIC)

31. Republic hereby repeats and incorporates the allegations contained in all prior paragraphs of this Complaint as though fully set forth herein.

32. The plaintiff's claims for personal injury in the Underlying Action arise out of the alleged use of the UTV by Defendant Michael Montgomery.

33. The accident alleged in the Underlying Action did not occur on property insured under the Policies.

34. The Policies provide that no coverage exists for "bodily injury" arising out of the use of the UTV.

35. Based on the allegations in the Underlying Action and the facts as alleged, there is no potential for coverage for "bodily injury" or "property damage" under the Policies for claims contained in the Underlying Action.

36. Republic seeks and is entitled to a judicial declaration that Republic has no duty to defend Defendant Michael Montgomery against the Underlying Action or to participate in Defendant Michael Montgomery's defense under any policy.

37. The issuance of declaratory relief by this Court will terminate some or all of existing controversies between the Parties.

## COUNT TWO - DECLARATORY JUDGMENT (DUTY TO INDEMNIFY) (REPUBLIC)

38. Republic repeats and incorporates the allegations contained in all prior paragraphs of this Complaint as though fully set forth herein.

39. Republic has no duty under the terms of the Policies to indemnify Defendant Michael Montgomery for claims that do not seek to recover for "bodily injury" or "property damage" caused by an "occurrence".

40. Plaintiff in the Underlying Action seeks to hold Defendant Michael Montgomery liable for damages arising out of the use of the UTV.

41. Republic has no duty under the terms of the Policies to indemnify Defendant Michael Montgomery for claims that seek to recover for "bodily injury" or "property damage" arising out of the use of the UTV.

42. Consequently, the claims asserted against Defendant Michael Montgomery in the Underlying Action fall within one or more exclusions under the Policies, and, therefore, Republic has no duty to indemnify Defendant Michael Montgomery under any policy.

43. The issuance of declaratory relief by this Court will terminate some or all of the existing controversies between the Parties.

## RELIEF REQUESTED

WHEREFORE, Republic respectfully requests the following relief:

A. A declaration that there is no coverage for Defendant Michael Montgomery under the Policies for the claim asserted in the Underlying Action;

B. A declaration that Republic has no duty to defend Defendant Michael Montgomery under the Policies against the Underlying Action;

C. A declaration that Republic has no duty to indemnify Defendant Michael Montgomery under the Policies for any settlement entered or judgment rendered against Defendant Michael Montgomery in the Underlying Action; and

D. Such other, further, or different relief to which Republic may be entitled.

Respectfully submitted this 14th day of September, 2021.

/s/ Andrew A. Vanore, III
Andrew A. Vanore, III
NC State Bar No. 13139
Brown, Crump, Vanore & Tierney, P.L.L.C.
Attorney for Plaintiff
P.O. Box 1729
Raleigh, N.C. 27602
Telephone: (919) 835-0909
Facsimile: (919) 835-0915
Email: drewvanore@bcvtlaw.com